104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Lewis HANDELSMAN, Plaintiff-Appellant,
v.
HOTEL COPY CENTERS OF NYC, INC., Bruce Crouch, and Bart
Glowzenski, Defendants-Appellees.
 No. 96-7486.
 United States Court of Appeals, Second Circuit.
 Nov. 22, 1996.
 
 FOR APPELLANT: Joel C. Feffer, Wechsler Harwood Halebian & Feffer, New York, NY.
 FOR APPELLEES: Raymond L. Vandenberg, New York, NY.
 PRESENT: LUMBARD, McLAUGHLIN, and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 Hotel Copy Centers of NYC, Inc. ("HCC") is a New York Corporation that provides on-site photocopying, reproduction, and mailing services to businesses. Bruce Crouch ("Crouch") and Bart Glowzenski ("Glowzenski") are officers and the sole shareholders of HCC.
 
 
 4
 Lewis Handelsman ("Handelsman") was president and CEO of Compex Systems, Inc. ("Compex"). Under his stewardship, Compex grew from a $5 million to a $70 million company. During this time, Handelsman met Crouch and Glowzenski and both men were impressed by Handelsman's success at Compex.
 
 
 5
 In 1990, Compex fired Handelsman. Looking for employment and an eventual equity interest in a business, Handelsman contacted Crouch and Glowzenski about coming to work for HCC. After months of negotiations, the parties entered into a contract. The contract guaranteed Handelsman's salary for one year, and included a five year option to buy HCC at a set price. The option included a provision that the purchase price of HCC would be reduced by the amount of all distributions to Crouch and Glowzenski, including compensation and profits. Crouch and Glowzenski included this provision in the contract to encourage Handelsman to expand the company quickly.
 
 
 6
 After Handelsman's first year of employment, Crouch and Glowzenski, having grown dissatisfied with him, fired Handelsman. HCC paid Handelsman his full year's salary, as required by the parties' agreement.
 
 
 7
 In an attempt to enforce his option to purchase HCC, Handelsman sued HCC, Crouch, and Glowzenski in the United States District Court for the Southern District of New York (Leval, J.). HCC argued that the option was no longer valid, because it was contingent upon Handelsman remaining employed by HCC. Handelsman argued that the option did not depend upon his continued employment with HCC. Both parties moved for summary judgment. The district court held that the provision was ambiguous and, therefore, summary judgment was inappropriate.
 
 
 8
 The case proceeded to trial. A jury returned a verdict for Crouch and Glowzenski, and Handelsman moved for judgment as a matter of law. The district court denied his motion (Preska, J.).
 
 
 9
 Handelsman now appeals, arguing that: (1) the district court erred when it denied his motion for summary judgment, and (2) the district court erred when it denied his motion for judgment as a matter of law.
 
 Summary Judgment
 
 10
 Because it is an issue of law, we review a grant or denial of summary judgment de novo. Walk-In Medical Ctrs., Inc. v. Breuer Capital Corp., 818 F.2d 260, 264 (2d Cir.1987).
 
 
 11
 "In a contract dispute a motion for summary judgment may be granted only where the agreement's language is unambiguous and conveys a definite meaning." Sayers v. Rochester Telephone Corp. Supplemental Management Pension Plan, 7 F.3d 1091, 1094 (2d Cir.1993). "If the [contract's] language is susceptible to different reasonable interpretations, and ... there is relevant extrinsic evidence of the parties' actual intent, then the contract's meaning becomes an issue of fact precluding summary judgment." Id.
 
 
 12
 The district court did not err when it denied Handelsman's motion for summary judgment. It correctly determined that the contract at issue was ambiguous, and therefore, presented a material question of fact for the jury. Reading the contract as a whole, there is more than one reasonable way to interpret the option's meaning.
 
 Judgment as a Matter of Law
 
 13
 We review a district court's denial of a motion for judgment as a matter of law de novo. EEOC v. Ethan Allen, Inc., 44 F.3d 116, 119 (2d Cir.1994).
 
 
 14
 The district court may grant a motion for judgment as a matter of law "only when, viewing the evidence most favorably to the party other than the movant, there can be but one conclusion as to the verdict that reasonable men could have reached." Weldy v. Piedmont Airlines, Inc., 985 F.2d 57, 59-60 (2d Cir.1993) (citations omitted).
 
 
 15
 The district court did not err when it denied Handelsman's motion for judgment as a matter of law. Viewing the evidence in the light most favorable to HCC, reasonable people could clearly have agreed with the jury's interpretation of the contract.
 
 
 16
 We have considered all the additional arguments raised by Handelsman, and find them to be without merit.
 
 
 17
 Accordingly, the judgment of the district court is AFFIRMED.